IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CR238 |
| | ) | |
| v. | ) | |
| | ) | |
| RAFAEL POSADAS, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the government's objection (Filing No. 32) to the report and recommendation ("R&R") of the magistrate judge (Filing No. 27) regarding the defendant's motion to suppress (Filing No. 13) evidence seized from two pieces of luggage on a train. The magistrate judge found that one of the bags had been abandoned, but that the search of the second bag occurred after the defendant had been illegally detained and should be suppressed. Filing No. 27, R&R at 11.

Under 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the record, including the transcript of the hearing. The court agrees with the magistrate judge's recitation of the facts, and they need not be fully repeated here. *See* Filing No. 27, R&R at 1 to 5. Briefly, the evidence establishes that law enforcement officers boarded a train to conduct drug interdiction. There, they examined baggage stowed on a shelf in a coach car. They noticed a new bag with an aftermarket lock and no luggage tags. The officers then took the luggage into the train car and asked if it belonged to anyone. No one claimed the bag. At that point, the officers searched the bag and found cocaine. Having noticed that the defendant was especially nervous, the officers proceeded to ask the defendant his destination and purpose for the trip. He answered consistently, stating that

he was from California and was going to Cincinnati to visit his girlfriend and provided identification to the officers. He told the officers his girlfriend's first name, but not her last name. The officers later reboarded the train and sought and obtained the defendant's consent to search a second bag that was on a seat near Posadas. Before the officers could search the bag, there was an announcement that the train was about to depart. On hearing the announcement, the officers asked the defendant to accompany them off the train for further questioning.

The court agrees with the magistrate judge's conclusion that the first bag had been abandoned. The court further agrees that the evidence seized in the second bag should be suppressed. The government argues that the evidence adduced at the hearing shows that the officers had the requisite level of suspicion to justify removing the defendant from the train for further questioning, under the standards for brief investigative detentions in *Terry v. Ohio*, 392 U.S. 1 (1968). Even if the evidence could show that the officers were operating on anything more than a "hunch," the defendant in this case was effectively taken into custody when he was asked to leave the train, which would require probable cause. A reasonable person in the defendant's position would not have felt free to leave or to refuse the officers' request. *See, e.g., also Florida v. Royer,* 460 U.S. 491, 503 n. 9 (1983) (noting officers taking possession of defendant's airline ticket, luggage, and identification contributed to determination defendant had been seized because "[a]s a practical matter, Royer could not leave the airport without them."); *United States v. Mendenhall*, 446 U.S. 544, 554, (1980) (stating that "[a] person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free

to leave."). Whatever consent the defendant had provided to officers for a search of his bag before the seizure, the consent did not extend to the removal of the defendant and his bag from the train and the attendant consequence that the train would leave without him. The officers lacked probable cause to remove the defendant and his bag from the train.

The magistrate judge's report and recommendation is not clearly erroneous or contrary to law, and the court finds the recommendation should be adopted. Accordingly,

IT IS ORDERED:

1. The government's objections (Filing No. 32) to the report and recommendation (Filing No. 27) are overruled.

2. The report and recommendation (Filing No. 27) is adopted.

3. Defendant's motion to suppress (Filing No. 13) is granted with respect to the discovery of any evidence obtained following the defendant's removal from the train, and is denied in all other respects.

DATED this 29th day of December, 2008.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge