IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>　　　　　　　　　　　　　　　　 )<br>　　　　　　　Plaintiff,　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>　　　v.　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>RAFAEL POSADAS,　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>　　　　　　　Defendant.　　　　 )<br>　　　　　　　　　　　　　　　　 ) | 8:08CR238<br><br>MEMORANDUM AND ORDER |

　　　　This matter is before the court on the defendant's motion to suppress evidence obtained pursuant to a search warrant authorizing a buccal swab for the defendant's DNA, Filing No. 55. In an earlier order, Magistrate Judge Thomas Thalken recommended suppression of evidence that was seized from luggage after an illegal detention of the defendant. Filing No. 27, Report and Recommendation ("R&R") at 11. This court overruled an objection to that recommendation and ordered suppression of the evidence. Filing No. 34, Memorandum and Order at 2-3. To briefly restate the facts, the record shows that drugs were discovered in a piece of abandoned luggage on a train. The defendant and a second piece of luggage were subsequently detained and searched. A key to the abandoned bag was found in the second piece of luggage. This court found that the detention of the defendant violated the Fourth Amendment and that the evidence obtained in the search of the second suitcase should be suppressed. The government subsequently moved for a search warrant to obtain a buccal swab for the DNA of the defendant. Filing No. 56, Defendant's Brief in Support of Motion to Suppress, Attachment, Order and Affidavit. It contends that the DNA found on clothing in the abandoned bag connects the defendant to the crime. The affidavit in support of the warrant application set

forth the facts that this court found were not sufficient to justify the detention of the defendant. *See id.*, Affidavit at 5-6; Filing No. 27, R&R at 2-3. The magistrate judge found that there was probable cause for the DNA search. *Id.* at 1. Defendant now moves to suppress the evidence gleaned from that search, asserting that the evidence is "fruit of the poisonous tree." The government responds that the affidavit related only the information obtained before the illegal detention and that the affidavit established probable cause for the DNA search.

The evidence obtained from a DNA sample is covered by the Fourth Amendment and subject to the exclusionary rule.[1]  *See Schmerber v. California,* 384 U.S. 757, 767 (1966) (holding that the compulsory administration of a blood test "plainly involves the broadly conceived reach of a search and seizure under the Fourth Amendment"). The exclusionary rule is applied whenever evidence has been obtained "by exploitation" of the primary illegality instead of "by means sufficiently distinguishable to be purged of the primary taint." *Wong Sun v. United States,* 371 U.S. 471, 488 (1963) (quotation omitted). Evidence can be obtained "by exploitation" of an unlawful detention even when the

---

[1] Compulsory extraction of cheek cells for DNA analysis, though marginally less intrusive than extraction of blood or collection of urine, constitutes a search for Fourth Amendment purposes. Although the Fourth Amendment does not protect characteristics that a person knowingly exposes to the public, DNA does not fit in that category. *See United States v. Mara,* 410 U.S. 19, 21 (1973) (involving handwriting exemplars, noting "there is no more expectation of privacy in the physical characteristics of a person's script than there is in the tone of his voice"); *Davis v. Mississippi,* 394 U.S. 721, 727 (1969) (holding that warrantless fingerprinting in absence of either consent or probable cause to arrest violates the Fourth Amendment, despite the finding that "fingerprinting, because it involves neither repeated harassment nor any of the probing into private life and thoughts that often marks interrogation and search, represents a much less serious intrusion upon personal security than other types of searches and detentions"). The collection and chemical analysis of blood and body fluids "can reveal a host of medical facts" and "intrudes upon expectations of privacy that society has long recognized as reasonable." *Skinner v. Railway Labor Executives' Ass'n,* 489 U.S. 602, 616-17(1989) (holding that breathalyzer exam for chemical analysis constitutes a search). *See also Schmerber,* 384 U.S. at 767-68 (1966) (involving blood testing); *Board of Educ. v. Earls,* 536 U.S. 822, 828 (2002) (holding that urine testing of students is a search that triggers a Fourth Amendment inquiry); *Vernonia Sch. Dist. v. Acton,* 515 U.S. 646, 656-58 (1995) (same); *Cupp v. Murphy,* 412 U.S. 291, 295 (1973) (analysis of fingernail scrapings constitutes a search under the Fourth Amendment).

detention is not for the sole purpose of gathering that evidence. *United States v. Guevara-Martinez*, 262 F.3d 751, 755 (8th Cir. 2001).  The indirect fruits of an illegal search or arrest should be suppressed when they bear a sufficiently close relationship to the underlying illegality. *New York v. Harris*, 495 U.S. 14, 19 (1990). Evidence obtained as the result of an illegal search or detention may be admissible only "if 'the unlawful conduct has become so attenuated or has been interrupted by some intervening circumstance so as to remove the "taint" imposed upon that evidence by the original illegality,'" or by establishing that the evidence was derived from a source independent of the illegal conduct or would have been inevitably discovered by lawful means. *United States v. Simpson*, 439 F.3d 490, 495 & n.2 (8th Cir. 2006) (*quoting United States v. Crews*, 445 U.S. 463, 470 (1980)).

The court need not determine whether the affidavit set forth facts that establish probable cause for the DNA search.[2]  That is a separate question from the issue of whether the evidence gleaned from that search is the fruit of the poisonous tree and should be suppressed.  This court must determine whether obtaining Posadas's DNA evidence resulted from exploitation of a search and detention that violated the Fourth Amendment. The court finds that it was.  The government would not have a suspect with whom to compare the DNA in the abandoned suitcase had it not illegally detained the defendant based on facts that did not establish probable cause for his detention.  Obtaining a DNA sample from a defendant who would not be in custody absent an illegal detention

---

[2]At the time the search warrant was issued, the government had appealed the court's suppression order. Filing No. 46, Notice of Appeal. The appeal was subsequently dismissed on the government's motion. Filing No. 59, Judgment; Filing No. 60, Mandate.

necessarily exploits the primary illegality.  The only evidence that provides a link between Posadas and the drugs in the abandoned bag has been suppressed.  There is nothing to establish that the DNA evidence is attenuated from the illegal detention so as to purge initial taint.  Similarly, there has been no showing that the DNA evidence could have been obtained in reliance on evidence independent of the illegality or that it would have inevitably been discovered.   Accordingly, the court finds the evidence obtained pursuant to a search warrant for a saliva sample through a buccal swab of Raphael Posadas should be suppressed.

IT IS ORDERED that defendant's motion to suppress (Filing No. 55) is granted.

DATED this 25th day of February, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge